Filed 3/14/22  P. v. Benitez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JACOB ANDREW BENITEZ, <br><br> Defendant and Appellant. | H048647 <br> (Santa Clara County <br> Super. Ct. No. C1118634) |

Jacob Andrew Benitez is currently serving a 26-year sentence for multiple counts of robbery with firearm enhancements.  His earliest release date is January 30, 2032.

In October 2020, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) recommended that the trial court recall Benitez's sentence pursuant to Penal Code section 1170, subdivision (d)(1),[1] and resentence him in light of recent amendments to section 12022.53, subdivision (h), which now gives courts discretion to strike or dismiss certain firearm enhancements.  The trial court declined to recall the sentence.

Benitez appealed, contending due process required the trial court to hold a hearing, provide notice and an opportunity to be heard, and appoint counsel before denying the request, and that the trial court abused its discretion by basing the denial on improper factors.

---

[1] Undesignated statutory references are to the Penal Code.

While this appeal was pending, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill No. 1540) was signed into law in October 2021 and became effective on January 1, 2022. (Stats. 2021, ch. 719.) The bill moves the recall-and-resentencing provisions of section 1170, subdivision (d)(1) to a new section, 1170.03, and revises its terms.

In supplemental briefing, both Benitez and the Attorney General ask this court to reverse and remand to the trial court for reconsideration of the Secretary's recommendation in light of this new legislation. We grant the request in the interest of judicial economy, and accordingly reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

In 2013, Benitez was sentenced to a 26-year term following a negotiated plea bargain in which he pleaded guilty to 10 counts of robbery, one count of attempted robbery, and one count of being a felon in possession, along with five firearm enhancements and six deadly weapon enhancements, pursuant to sections 12022.53, subdivision (b) and 12022, subdivision (b)(1), respectively.

On October 8, 2020, the trial court received a letter from the Secretary of the CDCR, addressed to the Honorable David A. Cena, recommending a recall of sentence and resentencing of Benitez pursuant to former section 1170, subdivision (d)(1). (Stats. 2018, ch. 1001, § 2.) The recommendation was based on a recent amendment to section 12022.53, subdivision (h), which now gives courts discretion to strike or dismiss enhancements for use of a firearm in the commission of enumerated felonies, whereas previously such enhancements were mandatory.

The Secretary also provided a "cumulative case summary and evaluation report," which summarized Benitez's underlying offenses and prior criminal history and

_____

[2] We derive our facts from the Secretary's letter recommending recall and resentencing and the trial court's letter declining it.

discussed his behavior and activities while incarcerated, as relevant to the factors set forth in former section 1170, subdivision (d)(1).

On October 21, 2020, trial court Judge Cena responded by letter, explaining that he had "reviewed and considered your [request to recall sentence] letter and attachments, as well as the probation report, and I decline to exercise discretion to recall and resentence Mr. Benitez." The court explained that, "[i]n arriving at the negotiated plea, many factors were considered, including Mr. Benitez's age, criminal history, and participation in the crimes. The court agreed with the disposition that was reached. Mr. Benitez had excellent representation and benefitted from a generous plea bargain." The court concluded by stating that, "[a]fter considering the totality of the circumstances of Mr. Benitez's case, it does not appear that resentencing him after serving less than one third of a negotiated prison term would be in the interests of justice."

The trial court did not hold a hearing or provide any notice to the parties before denying the Secretary's recommendation.

Benitez timely appealed.

While this appeal was pending, the Governor signed Assembly Bill No. 1540 into law on October 8, 2021. (Stats. 2021, ch. 719.)

In subsequent supplemental briefing, both parties now request that this court reverse and remand to the trial court for reconsideration of the Secretary's recommendation under the new legislation. Benitez contends reversal is required both because Assembly Bill No. 1540 is a "clarifying amendment" intended to apply to transactions that predate it, and through the retroactive application rule of *In re Estrada* (1965) 63 Cal.2d 740. The Attorney General disagrees that *In re Estrada* applies, but nevertheless agrees that reversal is appropriate based on "considerations of judicial economy" and because "indicia of legislative intent" suggest that Assembly Bill No. 1540 was intended to be a clarifying amendment.

3

## II. DISCUSSION

Benitez contends that due process required the trial court to hold a hearing, provide notice and an opportunity to be heard, and appoint counsel before denying the request. Furthermore, he contends the trial court abused its discretion by basing the denial on improper factors.

We need not reach the merits of those arguments because we agree with the parties that reversal and remand are warranted in light of the new law.

Former section 1170, subdivision (d)(1), was originally enacted as " 'an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun.' " (*People v. McCallum* (2020) 55 Cal.App.5th 202, 210 (*McCallum*), quoting *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 (*Dix*).) Among other things, it was intended to provide a mechanism for recalling a defendant's sentence and resentencing him " 'at any time upon the recommendation of the secretary' " or certain other parties. (*McCallum, supra,* at p. 210.) Under that statute if a court elected to recall a sentence, it was required to "resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (Former § 1170, subd. (d)(1).)

However, section 1170, subdivision (d)(1) did not impose any specific procedural requirements and was silent as to whether a trial court must provide notice or a hearing or appoint counsel before ruling on a recommendation from the Secretary. (*McCallum, supra,* 55 Cal.App.5th at p. 212; *Dix, supra,* 53 Cal.3d at p. 459.) Numerous recent cases interpreted the former statute to determine what due process rights, if any, attached in various contexts. (See, e.g., *McCallum, supra,* 55 Cal.App.5th 202 [hearing not required, but abuse of discretion to deny opportunity to present relevant information upon request]; *People v. Frazier* (2020) 55 Cal.App.5th 858 [no right to appointment of counsel]; *People v. Williams* (2021) 65 Cal.App.5th 828 [trial court required to provide notice and opportunity to be heard if considering resentencing]; *People v. Mendez* (2021) 69

4

Cal.App.5th 347 [notice and opportunity to submit briefing and additional relevant information required before denying Secretary's recommendation]; *People v. Pillsbury* (2021) 69 Cal.App.5th 776 [if considering summary declination, court must provide notice with reasonable time and place to respond, and inform defendants they may provide additional documentation or evidence].)

During the pendency of this appeal, the Legislature enacted and the Governor signed Assembly Bill No. 1540 into law which subsequently became effective on January 1, 2022. (Stats. 2021, ch. 719, § 3.1, eff. Jan. 1, 2022; Assembly Bill No. 1540 (2021-2022 Reg. Sess.).) Assembly Bill No. 1540 created a new section 1170.03 that includes the recall and resentencing provision of former section 1170, subdivision (d)(1) and added several requirements to the process.

Most significantly, section 1170.03 provides that, where the Secretary submits a resentencing request, "[t]he court shall provide notice to the defendant and set a status conference within 30 days after the date that the court received the request," and "[t]he court's order setting the conference shall also appoint counsel to represent the defendant." (§ 1170.03, subd. (b)(1).) In addition, "[r]esentencing shall not be denied . . . without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection," (*id.*, subd. (a)(8)) and "[t]he court shall state on the record the reasons for its decision to grant or deny recall and resentencing." (*Id.*, subd. (a)(6).)[3] Lastly, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an

---

[3] In making its decision, the court may consider "postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1170.03, subd. (a)(4).)

5

unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (*Id.*, subd. (b)(2).)

As noted above, the parties agree that this court should reverse and remand so that the trial court may reconsider the Secretary's recommendation by applying section 1170.03. While the parties disagree as to whether the retroactivity rule of *In re Estrada* applies here, we need not resolve that dispute because we agree that judicial economy warrants reversal and remand. As the Attorney General points out in its supplemental brief, even if this court were to decide that the new law does not apply here, the Secretary could simply submit a new recommendation letter which would then be subject to the new law. It would be a waste of judicial resources to decide this case under the old law.

## III.   DISPOSITION

The trial court's order denying the Secretary's recommendation is reversed. We remand with directions to reconsider the request under newly enacted Penal Code section 1170.03.

_____
                                    Wilson, J.

WE CONCUR:


_____
              Greenwood, P.J.



_____
              Lie, J.




<u>People v. Benitez</u>
H048647